**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DONALD LEE FIKE, #490077,**

    **Petitioner,**

v.                                                        **Case No. 2:07-CV-10868
Honorable Lawrence P. Zatkoff
Magistrate Judge Charles E. Binder**

**JAN TROMBLEY,**

    **Respondent.**
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING AND MOTION FOR ORAL ARGUMENT

Petitioner Donald Lee Fike has filed a habeas corpus petition under 28 U.S.C. § 2254, through counsel, challenging his state conviction for one count of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. Petitioner alleges that: (1) he received ineffective assistance of counsel when his trial attorney failed to investigate, failed to use expert witness testimony, used inadmissible and prejudicial evidence in his defense of the Petitioner, failed to take certain photographs, and failed to preserve key evidence; (2) there was insufficient evidence to prove penetration; (3) he received an unfair trial when an opposing witness was allowed to testify late in the trial; and (4) a different standard of review should be considered in this case as 28 U.S.C. § 2254(d)(1) is unconstitutional. Currently pending before the Court are Petitioner's motion for an evidentiary hearing and motion for oral argument. Petitioner seeks a hearing to present evidence that he was provided ineffective assistance of trial counsel when his attorney "failed to investigate and present substantial exculpatory analysis that could have been provided by an experienced clinical forensic psychologist." (Pet. Mo. at 2). Respondent filed an answer to the

motion asserting that Petitioner was granted a complete and full *Ginther*[1] hearing by the trial court, and the ineffective assistance of counsel claim was still rejected. For the reasons set forth below, the Court will deny Petitioner's requests for an evidentiary hearing and for oral argument.

**I. STANDARD**

**A. Ineffective Assistance of Counsel**

Trial counsel is presumed to have been afforded effective assistance of counsel. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To establish that Petitioner received ineffective assistance of counsel, he must show, first that counsel's performance was deficient and, second, that counsel's deficient performance was prejudicial to his case. *Id.* at 687. A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" *Tinsley v. Million*, 399 F.3d 796, 802 (6th Cir. 2005) (quoting

---

[1]*People v. Ginther*, 212 N.W.2d 922 (Mich. 1973) (holding that a court should hear a defendant's claim that defendant's counsel is ineffective and, if there is a factual dispute, the court should take testimony and state its findings and conclusion).

*Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**B. Evidentiary Hearing**

In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) whether an evidentiary hearing is necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254 (evidentiary hearing required only where facts necessary to determination are outside the record); and (2) whether a hearing is permitted under 28 U.S.C. § 2254(e)(2).[2]

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petitioner's factual allegations, which if true would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
>
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

---

[2] (e) . . .

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

*Schriro v. Landrigan*, __ U.S. ___, 127 S.Ct. 1933, 1940 (2007). 28 U.S.C. § 2254(e)(2).

In *Williams v. Taylor*, 529 U.S. 420 (2000), the Supreme Court found that the threshold determination under § 2254(e)(2) is whether the petitioner "failed to develop the factual basis" of his claim in state-court proceedings. The Court reasoned:

> For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met.

*Williams*, 529 U.S. at 437. The court further stated that diligence "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435

### C. Oral Argument

Petitioner requests oral argument in this case because the habeas petition "presents interesting and complex questions concerning denial of the right to the effective assistance of counsel." (Pet. Mot. at 4). The Court does not grant oral argument when a party is in custody "unless ordered by the assigned judge." E.D. Mich. L.R. 7.1(e)(1).

## II. DISCUSSION

### A. Ineffective Assistance of Counsel & Evidentiary Hearing

In this case, Petitioner requests an evidentiary hearing so that the Court can hear live testimony from Dr. Michael F. Abramsky, Ph.D., in order "to make a factual record concerning the material and information provided in [his] report . . . " (Pet. Mot. at 6). Petitioner acknowledges that the trial court already conducted an evidentiary hearing regarding this issue, among others.

4

However, he asserts that the trial court "refused to allow Petitioner to present and make a record of the matters laid out in the report by the clinical forensic psychologist, [Dr. Abramsky]" and therefore, it was not a full and fair evidentiary hearing. *Id.* at 2. Petitioner's argument in support of an evidentiary hearing is that trial counsel was ineffective by failing to call an expert clinical forensic psychologist and/or an expert witness of the like to rebut Amy Allen's testimony that delayed reporting by a victim of sexual abuse is not unusual and can be more detailed as time passes.[3]

During the *Ginther* hearing, trial counsel admitted that if he had known Amy Allen was going to testify for the prosecution, as he was familiar with her as a witness in another case, he "would have had an expert on the lines of Dr. [Terrence] Campbell or Dr. Abramsky." (GHT, at 20). However, her name was not on the prosecution's witness list and the intent by the prosecution to present her a witness was not communicated to defense counsel until late into the trial. *Id.* at 19–20. Trial counsel admitted during the *Ginther* hearing that in hindsight, it was a mistake not to call an expert witness to rebut Amy Allen's testimony. *Id.* at 22. However, trial counsel testified that at the time, there was a strategical basis in foregoing the opportunity to present testimony from an expert clinical forensic psychologist. *Id.* The trial court acknowledged this issue in its opinion:

> Mr. Manley [trial counsel] reviewed the notes and consulted with the Defendant. Defendant counsel had a choice to delay the trial and risk the jury forgetting testimony, give the Prosecutor additional time to rebut issues, or proceed without a rebuttal expert. Mr. Manley's thought processes are reflected in some of his comments at the *Ginther* hearing such as, "I felt the Prosecution was never going to carry the burden." "The victim had given inconsistent statements." "She could add and make things up."

---

[3]Amy Allen was employed at the time with Care House, a facility that assists victims of abuse. She interviewed the complainant in this case and was a witness for the prosecution.

> Trial counsel, after consultation with the Defendant, made a trial strategy decision to move on to completion of the trial based on his experience. The Court does not find error in this decision.

(Opinion & Order, dated, 11/1/05, at 2).

As to the admission of live testimony from Dr. Abramsky, the trial court stated that the content of Dr. Abramsky's testimony is not relevant for purposes of the *Ginther* hearing for two reasons. First, trial counsel admitted that in hindsight it was a mistake to not call an expert witness, and if he had retained such a witness, it would have been Dr. Terrence Campbell. Therefore, the trial court found that the content of Dr. Abramsky's report or verbal opinion was not relevant. The trial court also stated that such live testimony would not be relevant because:

> [Y]ou're offering testimony that didn't come in - I'm to decide this case [on] what did happen at the trial and whether Mr. Manley was effective or ineffective. To add new evidence from some additional party, I don't see as relevant.

(GHT, at 27). Petitioner was permitted to submit Dr. Abramsky's report as an exhibit to the *Ginther* hearing transcript for anticipated appellate review. *Id.* at 25–28. Petitioner subsequently raised the same issue before the state appellate court, which reviewed the *Ginther* hearing transcripts and Dr. Abramsky's report. The Michigan Court of Appeals likewise rejected Petitioner's ineffective assistance of counsel argument:

> Defendant argues that trial counsel was ineffective for failing to secure an expert witness to rebut the testimony of the CARE House interviewer. We are unconvinced that it was not sound trial strategy to decide against interrupting a trial that appeared to be going well in order to locate an expert, especially where there was already evidence presented about proper forensic interview techniques and the suggestibility of young children, where the interviewer was not permitted to testify as an expert, and where her testimony was strictly circumscribed.

*People v. Fike*, No. 260535, 2006 WL 2271267, *2 (Mich. Ct. App. Aug. 8, 2006).

A federal court on habeas review is required to hold a hearing "only if the petitioner can

6

demonstrate that (1) the grounds he alleges are sufficient to secure his release from custody, (2) relevant facts are in dispute, and (3) the state court did not provide a full and fair evidentiary hearing." *Washington v. Renico*, 455 F.3d 722, 731 n.4 (6th Cir. 2006); see also *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not necessary where the record is complete or if the petition raises legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa 1998). In other words, an evidentiary hearing is not required on issues that can be resolved by reference to the state-court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir. 1994) (citing *Bashor v. Risley*, 730 F.2d 1228, 1233 (9th Cir. 1994)).

In this case, the *Ginther* hearing that was held in this matter in the trial court directly addressed the ineffective assistance of counsel issue that is presently before this Court. Moreover, the content of any live testimony from Dr. Abramsky is not relevant to the question of whether defense counsel should have called Dr. Abramsky as an expert witness. Defense counsel has already admitted that in hindsight, he would have called such a witness. However, the trial court and the appellate court found that despite the alleged mistake, trial counsel's reason for not doing so did not constitute deficient performance under *Strickland*.

## B. Oral Argument

Since Petitioner's motion for oral argument is based upon his request to present an oral argument regarding his ineffective assistance of counsel claim, the Court will likewise deny the motion for the reasons set forth above.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Evidentiary Hearing" [Doc. #6] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Oral Argument" [Doc. #7] is **DENIED.**

        s/Lawrence P. Zatkoff
        **LAWRENCE P. ZATKOFF**
        **UNITED STATES DISTRICT JUDGE**

**Dated: September 15, 2008**

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 15, 2008.

        s/Marie E. Verlinde
        **Case Manager**
        **(810) 984-3290**